PRUDHOMME vs. DAWSON & AL.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court.

PRUDHOMME
vs.
DAWSON & AL.

The plaintiff, wife of D. Cass, but separated in goods and authorised by him, charges she brought in marriage and as her *dot* sundry slaves, part of whom are in the respective possessions of the defendants, and have been so since the year 1810, without either of them having title, and they refuse to return them or account for the hire of them.

Under the Spanish law, valuation in the contract of marriage did not transfer property to the husband.

The defendant Dawson pleaded the general issue, title by purchase and prescription.

Prescription does not run against the wife in favour of the purchasers of her property, although separated.

The defendant Rachal pleaded title, in himself, that the slaves brought by plaintiff in marriage were estimated in her marriage contract and thus became the husband's absolute property.

Purchaser is not necessarily in bad faith from the inception of suit.

There was judgment for the defendants and the plaintiff appealed.

Two questions arise in this case, whether the marriage contract vested the property in the husband? Admitting not, whether the plaintiff's claim is barred by prescription; this last question applies only to the defendant Dawson.

The contract states that the parties are possessed of property to the value of $3000 each; that all the property of the contracting parties, now in possession or action, shall be put into the husband's hands, to be by him employed for their mutual advantage; and that the said common (mutual) property, with its increase, shall, on the death of the parties, be divided among their common issue, and if there be no such issue, to the heirs of the survivor, or the person, in whose favor he may dispose of the same.

The marriage took place before the promulgation of the civil code. We think it clear that the total value of the property of the parties mentioned in the contract, was intended solely to establish the equality in value of what they brought. The contract speaks of the property they brought, as being *common, mutual,* and managed by the husband for the joint advantage of both.

Under the Spanish law, it was not every valuation which transferred the property of the wife's real estate to the husband. Febrero speaks of valuations, which have not the effect of a sale, *estimacion en que no causa venta.* He says the valuation has this effect when it is held

West'n District,
*Sept.* 1824.

PRUDHOMME
*vs.*
DAWSON & AL.

in such a manner that the dotal effects are given to the husband, as sold at the price they were valued at. *Quando se aprecian de tal suerte, que se entregan al marido como vendedor en que se valuen. Feb. librer. de. es. ch.* 2. *sect.* 1. *n.* 8 and 9. *Part.* 4, 11, 20.

2. It is true the defendant Dawson would be protected by the plea of prescription, if the plaintiff's marriage had been dissolved at the time of the separation of property: as the marriage still subsists, the wife must be protected, because her action may be prejudicial to her husband. *Civ. Code,* 486, *art.* 14. *Sirey* 2. 30—17 *id. p.* 1. 304.

There is a bill of exceptions taken by the plaintiff's counsel to the opinion, in allowing the plea of the defendant Rachal, that the authorisation of the plaintiff's husband was not filed with the petition. Notwithstanding which the judge permitted her to proceed to trial.

On the objection being taken, the authorisation granted before the inception of the suit was produced. The authorisation was set forth in the petition, and we think that its being produced as soon as called for sufficed. Besides the judge by allowing the plaintiff to proceed to trial, virtually overruled his former

West'n District,
Sept. 1824.

PRUDHOMME
*vs.*
DAWSON & AL.

decision, and no exception was taken to this change of opinion.

We do not think the defendants bound to pay for the hire. They are not necessarily to be considered in bad faith from the inception of the suit. *Civ. Code*, 102, *art.* 7. The code has wrought a change in the former law, which put an end to the good faith on the judicial demand. *Richardson* vs. *Packwood, vol.* 1, 405, where the subject is examined at full length.

It is therefore ordered, adjudged and decreed that the judgment be annulled, avoided and reversed, and that the plaintiff recover from the defendants respectively the slaves named in the petition, and that the defendants pay costs in both courts.

*Morris* & *Rost* for the plaintiff, *Bullard* & *Holkam* for the defendants.